Bijal V. Vakil (Cal. Bar No. 192878)
bvakil@whitecase.com
Shamita D. Etienne-Cummings (Cal. Bar No. 202090)
setienne@whitecase.com
Kao-Yu Hsu (Cal. Bar No. 264997)
kaoyu.hsu@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA  94306
Telephone:  650.213.0300
Facsimile:  650.213.8158

Attorneys for Plaintiff
TPK Touch Solutions, Inc.

Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Defendants
Wintek Electro-Optics Corporation and
Wintek Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TPK TOUCH SOLUTIONS, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>WINTEK ELECTRO-OPTICS CORPORATION AND<br><br>WINTEK CORPORATION.<br><br>　　　　　　　　Defendants. | CIVIL CASE NO.: 3:13-CV-02218-JST<br><br>**STIPULATION AND [PROPOSED ORDER] GRANTING PLAINTIFF TPK TOUCH SOLUTIONS, INC.'S REQUEST TO AMEND P.L.R. 3-1 INFRINGEMENT CONTENTIONS** |

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

WHEREAS, Plaintiff Touch Solutions, Inc. ("TPK") served its P.L.R. 3-1 infringement contentions on January 2, 2014 pursuant to the Court's Scheduling Order (Dkt. No. 43);

WHEREAS, Defendants Wintek Corporation and Wintek Electro-Optics Corporation (collectively "Wintek") alleges that TPK's infringement contentions, which in part reads:

> Each and every Wintek Single Sided Indium-Tin Oxide ("SITO") Capacitive Touchscreen [from] August 2007, including but not limited to the Wintek SITO Touchscreens identified in Exhibits A - D, the Wintek products identified in any of Wintek's responses to TPK's discovery requests . . . and the Wintek Touchscreens sold to those customers identified in the market reports that are publicly available,

are deficient because:

    a.    Without providing the details required by the Patent Local Rules, these Contentions could be read to apply to literally hundreds of Wintek products;

    b.    TPK has violated Patent L.R. 3-1(b) by failing to sufficiently identify each accused apparatus by name or model number,

    c.    TPK has violated Patent L.R. 3-1(c) by failing to provide "a chart identifying specifically where each limitation for each asserted claim is found within *each* Accused Instrumentality…"; and

    d.    To the extent TPK is relying upon the four (4) claim charts it did attach to its Infringement Contentions to support a claim that these charts represent the characteristics of the hundreds of other products these Contentions identify, there are no bases provided to support any argument that said claim charts are in fact, representative of any product other than the ones to which they are tied;

WHEREAS, TPK disagrees with Wintek's allegations and maintains that TPK's P.L.R. 3-1 infringement contentions served on January 2, 2014 are sufficient at least because of the following reasons:

    a.    Without the benefits of discovery which has just begun and far from being complete, especially in the situation where Wintek failed to produce any requested documents regarding its accused products after TPK served its discovery requests in September 2013 and

before TPK's infringement contentions were due on January 2, 2014, TPK sufficiently identified representative accused products by name or model number pursuant to Patent L.R. 3-1(b) such as (i) Wintek SITO Touchscreens identified in Exhibits A - D, (ii) the model numbers of Wintek products identified in Wintek's responses to TPK's discovery requests such as Wintek's First Supplemental Response to TPK's First Set of Interrogatories served on December 11, 2013; and (iii) Wintek Touchscreens sold to those customers identified in the market reports that are publicly available.

      b.    Pursuant to Patent L.R. 3-1(c), TPK has sufficiently provided four claim charts (i.e., Exhibits A-D) identifying specifically where each limitation for each asserted claim is found within the exemplary and representative accused products; and

      c.    Neither Patent L.R. 3-1(c) nor caselaw requires TPK provide claim charts for each accused product.  The four exemplary claim charts attached to TPK's contentions are representative for other accused products because through these claim charts TPK has shown that the accused Wintek Touchscreens used in two different end products in fact implement the same or substantially similar design or manufacturing process that reads on the asserted claims. TPK also relies on other evidence in the contentions such as the market reports to show that Wintek provides the accused SITO Touchscreens to various customers with a structure similar to the two products analyzed in TPK's claim charts.  TPK thus has good reason to believe that other Wintek accused products similarly infringe the asserted claims; and

WHEREAS, TPK and Wintek conferred on January 31, 2014 and agreed that, in order not to burden the Court, the parties will stipulate to allow TPK to amend its P.L.R. 3-1 infringement contentions.

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff TPK and Defendant Wintek, subject to the Court's approval, that TPK should and will amend its P.L.R. 3-1 infringement contentions, without waiving its rights to further supplement the infringement

contentions in light of the information uncovered through discovery but only to address the issues stated above, by February 18, 2014.

Dated: February 13, 2014          Respectfully submitted,

By:   */s/ Bijal V. Vakil*
     Bijal V. Vakil

Attorneys for Plaintiff
TPK Touch Solutions, Inc.

Dated: February 13, 2014          Respectfully submitted,

By:   */s/ Scott R. Mosko*
     Scott R. Mosko

Attorneys for Defendants
Wintek Electro-Optics Corporation and
Wintek Corporation

I hereby attest that I have received authority from Scott Mosko to attach his e-signature to this pleading and file it.

*/s/ Bijal V. Vakil*
Bijal V. Vakil

[Proposed] ORDER

Upon good cause shown IT IS HEREBY ORDERED that Plaintiff TPK Touch Solutions Inc.'s request to amend P.L.R. 3-1 infringement contentions to address Wintek's alleged deficiencies, as stated in the second WHEREAS clause in the above stipulation, by February 18, 2014 is GRANTED.

Dated:  February 18, 2014          By: _____
                                       JON S. TIGAR
                                       UNITED STATES DISTRICT JUDGE